## In re Weaks.

(Decided June 14, 1938.)

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for complainant.

JOE LANCASTER and WEBB & WEBB for respondent.

OPINION BY STANLEY, COMMISSIONER—Confirming in part report of Bar Commissioners.

This is a proceeding on a complaint filed with the Bar Commissioners by the Alropa Corporation against Joseph H. Weaks, an attorney at law, charging him with professional misconduct. The commissioners' report recommends his suspension for a period of one year.

In April, 1929, attorneys for the receiver of a Florida bank sent the respondent the note of one Grogan for collection. He was instructed that any compromise of the indebtedness would have to be approved by the receiver and certain other officials. The employment was accepted for $100 retainer, which was paid, and a contingent fee of 10% of the sum collected. A few months later the respondent submitted an offer of the debtor to pay 10% of the claim but it was rejected. Later the attorneys for the receiver forwarded to him an additional claim for $1000 against Grogan, based upon an assessment made upon stock in the bank owned by him. Suit was seasonably filed, and in June, 1930, the respondent submitted another offer of compromise. This was also rejected but he was authorized to make a counter offer. No action was had and depositions in the law suit were taken. There is evidence that after July, 1931, the attorneys who had forwarded the claims could get no response from Mr. Weaks to their several inquiries. He says he did make reply but he had since moved his office twice and his records and files were lost. After much insistence and a personal call by a Florida attorney, the respondent returned the note and stock certificate on July 10, 1935, with the advice that the case had been dismissed and that Grogan was hopelessly insolvent. In the meantime, on November 7, 1932, the respondent had collected $50 from Grogan

and given him a receipt as being settlement in full, and had caused the docket of the case to be endorsed ''dismissed settled.'' In November, 1935, a nunc pro tunc order was entered to that effect with leave to withdraw exhibits. This order has been subsequently set aside. The respondent never made any accounting for the $50 he collected. Some time during this period, the unliquidated claims against Grogan were sold by the receiver to The Chicago Investment Corporation, and it had later transferred the claims to the Alropa Corporation. When his deposition was taken in this investigation as on cross examination, Mr. Weaks testified that he had made many offers to settle the claims and this was the best that could be obtained as Grogan was insolvent. He had finally agreed to take $50 as a tentative settlement conditioned upon the approval of his client. He states that he promptly wrote the attorneys who had forwarded the items to him what he had done and advised them that Grogan was going into bankruptcy and they could get nothing more. They refused to accept it. He then went to Grogan and offered to return the money to him, telling him that he had acted without authority, but Grogan said he would rather have the receipt he had than the money. The respondent says that he then realized he had made a mistake and was attempting to do the best he could for his client. The testimony introduced against the respondent is to the effect that the forwarding attorneys were never advised of this tentative settlement. Grogan was not called upon to contradict the transaction as it related to him. It appears that he died after Weaks' deposition was given.

Upon the rule issued against the respondent to show cause why the report of the Bar Commissioners should not be confirmed and their recommendations enforced by appropriate orders of this court, he filed a more detailed and elaborate response than he had filed with the commissioners. This contains statements of an extenuating character. Because of ill health he had not been able to appear in person before the commissioners or to respond properly in the proceedings before them. The respondent insists that he had nothing whatever to do with the nunc pro tunc order so lately made dismissing the suit as settled; that the transaction had occurred several years ago; that he acted in good faith and at all times has been willing to repay the

$50 to whomsoever it belongs. It is submitted that no more than this sum could have been collected on the claims and that the present claimant, who was not his client, is in as good position as either of them ever was. The respondent acknowledges he made a mistake but insists that it was an error of judgment and not evil intent. It appears that he is in poor health; has a family to support; is all but indigent, and has only his profession as a lawyer for a means of livelihood.

There has been filed with us testimonials of practically all the members of the Graves County Bar, in which county the respondent resided and practiced law from 1901 until 1920, and where he served a full term as county attorney, and of the bar of Calloway County where he has lived and practiced the past eighteen years. These brethren of the bar testify to the respondent's good character. They say he is an honest man and an honorable lawyer, true to his clients, and diligent in his labors. They suggest that the penalty recommended by the Bar Commissioners is too severe and ought not to be enforced.

We have, therefore, a case where a lawyer, who has maintained a good reputation throughout 38 years of practice, is called upon to defend a single transaction, the principal part of which occurred more than five years before the complaint was filed against him. As stated, he acknowledges his error and maintains that he has at all times been ready to make restitution but could not do so because of the tangle in which he got himself. Giving the respondent the benefit of every doubt, it yet appears that he has been guilty of unprofessional conduct requiring censure, and something more as well. An attorney's previous clear record and unquestioned good character is entitled to great weight in passing upon the discipline or penalty to be administered. The Bar Commissioners, whose recommendations we highly regard, did not have before them some of the extenuating circumstances shown in the response.

The complaint was lodged against the respondent in January, 1937, and he has been under a cloud since that time, with doubtless injurious results. The court is of opinion that he should be suspended for a period of three months provided he shall pay $50 into court for such disposition as may be adjudged in the original

action against Grogan, which seems to have been reinstated. Should the respondent fail to make such payment, then he shall be suspended for a period of twelve months.

It is so ordered.

Whole court sitting, except Clay, J.